IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRENDA LEE TURK, | ) | CASE NO. 19-83316-CRJ7 |
| SSN: XXX-XX-6425 | ) | CHAPTER 7 |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| JOHN JANUSAS, an individual, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 20-_____-CRJ |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRENDA LEE TURK, | ) | |
| | ) | |
|    Defendant. | ) | |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO
SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE AND
<u>ALA. CODE SECTION 8-9A-1, *ET SEQ.*</u>**

COMES NOW Plaintiff John Janusas ("Plaintiff"), by and through counsel undersigned counsel, and brings this adversary proceeding against Defendant Brenda Lee Turk. In support of this complaint, Plaintiff states as follows:

**<u>INTRODUCTION</u>**

1. Defendant Brenda Lee Turk ("Defendant") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on November 6, 2019, in the United States Bankruptcy Court of the Northern District of Alabama, Northern Division.

2. This Complaint is timely because the date by which a complaint objecting to the Debtor's discharge is February 3, 2020.

1

## JURISDICTION

3. This adversary proceeding is commenced pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure.

4. This Court has subject matter jurisdiction in accordance with 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 as this is a core proceeding pursuant to 28 U.S.C. § 157.

6. Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on November 6, 2019, in the United States Bankruptcy Court of the Northern District of Alabama, Northern Division.

## PARTIES

7. Plaintiff is an adult resident of Medina County, Ohio, is over the age of nineteen (19), is a party in interest of the Defendant's estate, and has standing to bring this Complaint.

8. Defendant Brenda Lee Turk ("Defendant") is the Debtor in the above-styled Chapter 7 case and resides in Cullman County, Alabama.

## STATEMENT OF FACTS

9. Plaintiff and Defendant were a couple and lived together beginning around 1996. Plaintiff and Defendant never married and always filed separate tax returns. Plaintiff and Defendant never held themselves out to as husband and wife.

10. Plaintiff and Defendant owned a house in joint tenancy at 1201 County Road 1508, Cullman, Alabama ("Property"). A true and correct copy of the Statutory Warranty Deed is attached hereto as Exhibit A.

11. Plaintiff was a systems analyst employed by IT Group supporting the US Army Apache Helicopter. Plaintiff traveled often and, as such, gave Defendant a durable power of attorney ("Power of Attorney") around August 14, 2008. A true and correct copy of the Power of Attorney is attached hereto as Exhibit B.

12. In 2011, Plaintiff lost his job and moved to Ohio to find other employment.

13. On or about November 16, 2016, Defendant, using said Power of Attorney, deeded the Property to herself ("Fraudulent Transfer"). A true and correct copy of the Quit Claim Deed is attached hereto as Exhibit C.

14. The fair market value of the home at the time was approximately $186,000.00 and had a mortgage on it of about $100,000.00. Said transfer was fraudulent, without consideration, and done without the consent or knowledge of Plaintiff.

15. On or about July 3, 2017, Plaintiff discovered the Fraudulent Transfer. Defendant refused to discuss the Fraudulent Transfer with Plaintiff or give any paperwork to him regarding same.

16. On or about July 23, 2018, Plaintiff filed a civil action against Defendant for breach of trust and fraud in the Circuit Court of Cullman County; *John Janusas v. Brenda Turk*; Civil Action No. CV-2018-900265 ("Civil Suit").

17. On or about March 4, 2019, Plaintiff filed a motion for summary judgment in the Civil Suit.

18. The Circuit Court set the summary judgment motion for hearing on November 7, 2019 (the "Hearing").

19. On November 6, 2019, right before the Hearing, Defendant voluntarily filed for Chapter 7.

## COUNT ONE

### NON-DISCHARGEABILITY UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

20. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set out herein.

21. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(b) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(c) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…

22. All or part of the debt is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing or credit, that was obtained by false pretenses, a false representation, or actual fraud by Defendant within the meaning of Bankruptcy Code § 523 (a)(2)(A).

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant in the amount of such damage incurred from such activities, costs of this action, and for such other, different and further relief as to which the Plaintiffs may be entitled and as determined by the trier of fact.

## COUNT TWO

### NON-DISCHARGEABILITY UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE

23. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set out herein.

24. Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

. . .
    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

25. All or part of the debt owed to Plaintiff is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(4). Defendant was in a fiduciary relationship with Plaintiff and committed fraud while acting in that fiduciary capacity.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant in the amount of such damage incurred from such activities, costs of this action, and for such other, different and further relief as to which the Plaintiffs may be entitled and as determined by the trier of fact.

## COUNT THREE

## NON-DISCHARGEABILITY UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE

26. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set out herein.

27. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

(b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

. . .
    (6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

5

Case 20-80007-CRJ    Doc 1    Filed 01/30/20    Entered 01/30/20 09:57:18    Desc Main
Document    Page 5 of 16

28. All or part of the debt owed to Plaintiff is non-dischargeable as it is a debt for willful and malicious injury caused by the Defendant within the meaning of Bankruptcy Code § 523(a)(6).

## **COUNT FOUR**

## **FRAUDULENT CONVEYANCE UNDER SECTION 8-9A-1 *ET SEQ.*, ALA. CODE 1975**

29. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set out herein.

30. Ala. Code Section 8-9A-4 provides, in relevant parts, that:

Transfers fraudulent as to present and future creditors.

(a) A transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor.

(b) In determining actual intent under subsection (a), consideration may be given, among other factors, to whether:

(1) The transfer was to an insider;

(2) The debtor retained possession or control of the property transferred after the transfer;

(3) The transfer was disclosed or concealed;

…

(5) The transfer was of substantially all the debtor's assets;

(6) The debtor absconded…

31. Ala. Code § 8-9A-1(8)(a) defines the term *insider* as, "[a] relative of the debtor or of a general partner of the debtor" if the debtor is an individual.

6

32. Pursuant to Ala. Code § 8-9A-4, Defendant fraudulently conveyed the Property described above outside of the ordinary course of business. Defendant retained and wrongfully disposed of the proceeds (if any) of the Property set forth in paragraph 14 above.

33. With the intent to hinder, delay, or defraud her creditors (including Plaintiff) and/or the trustee, Defendant knowingly and fraudulently failed to list the above-mentioned fraudulent transfer in her bankruptcy schedules and concealed same from this Court, the trustee, and her creditors.

34. Defendant knowingly and fraudulently withheld and/or concealed assets (or the value thereof) in her bankruptcy schedules.

35. With the intent to hinder, delay, or defraud her creditors (including Plaintiff) and/or the trustee, Defendant knowingly and fraudulently concealed the civil action styled *John Janusas v. Brenda Turk*; Civil Action No. CV-2018-900265 filed in the Circuit Court of Cullman County, Alabama, on July 23, 2018.

36. As a result of Defendant's fraudulent acts and concealment, Plaintiff's ability to satisfy its judgment against Defendant in the Civil Suit has been defeated, Plaintiff was prejudiced, and Defendant has hindered and delayed the trustee, Plaintiff, and other creditors.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant in the amount of such damage incurred from such activities, costs of this action, and for such other, different and further relief as to which the Plaintiffs may be entitled and as determined by the trier of fact.

## COUNT FIVE

## OBJECTION TO DEBTOR'S DISCHARGE UNDER
## SECTION 727(a)(3) OF THE BANKRUPTCY CODE

37. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set out herein.

38. Bankruptcy Code §§ 727(a)(3) provides that:

(a) The court shall grant the debtor a discharge, unless

. . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

39. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(3) as she fraudulently transferred the Property to herself by blatantly falsifying the Quit Claim Deed .

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant in the amount of such damage incurred from such activities, costs of this action, and for such other, different and further relief as to which the Plaintiffs may be entitled and as determined by the trier of fact.

*/s/ Stuart M. Maples*
STUART M. MAPLES
(ABS-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

8

## CERTIFICATE OF SERVICE

I do hereby certify that on January 30, 2020, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Judith Thompson
P.O. Box 18966
Huntsville, AL 35804
*Trustee*

Stuart L. Moore
101 1st Avenue NE, Ste 130
Cullman, Alabama 35055
*Counsel for Defendant*

I do hereby certify that on January 30, 2020, a copy of the foregoing document was served on the following by mailing a copy of the same United States Mail, properly addressed and first-class postage prepaid.

Brenda Lee Turk
1201 Co Rd 1508
Cullman, Alabama 35058
*Debtor/Defendant*

                                                    */s/ Stuart M. Maples*
                                                    STUART M. MAPLES

# Exhibit A

**Statutory Warranty Deed**

ELECTRONICALLY FILED
3/4/2019 10:00 AM
25-CV-2018-900265.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

STATE OF ALABAMA )  NO TITLE SEARCH OR OPINION
) REQUESTED AND NONE PERFORMED
CULLMAN COUNTY )

SOURCE OF TITLE: Deed
Book 546 Page 496


PLAINTIFF'S EXHIBIT

## STATUTORY WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS, that for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, I, JOHN JANUBAS (hereinafter referred to as "Grantor"), do hereby grant, bargain, sell and convey to JOHN JANUBAS and BRENDA TURK as Joint Tenants with Right of Survivorship (hereinafter referred to as "Grantees"), the following described real estate, situated in Cullman County, Alabama, to wit:

A part of the NE ¼ of the SE ¼ and the NW ¼ of the SE ¼ of Section 21, Township 9 South, Range 2 West, more particularly described as follows: Commencing at the intersection of the north forty line of the NE ¼ of the SE ¼ of Section 21, township 9 South, Range 2 West with the West right-of-way of a county road; thence west 560 feet to the point of beginning; thence west along said forty line 300 feet; thence S 14° 30' E 737 feet to the north right-of-way of a county road; thence N 65° E along said road 167 feet; thence N 3° W 644 feet to the point of beginning. Said tract containing 3.6 acres, more or less, in Cullman County, Alabama. Said property is subject to the restriction that no commercial chicken houses are ever to be built on the subject property as set forth in instrument recorded in Deed Book 428, Page 26 in the Probate Office of Cullman County, Alabama.

TO HAVE AND TO HOLD, to the said Grantees, JOHN JANUBAS and BRENDA TURK and their heirs and assigns in fee simple forever.

GIVEN under my hand and seal this 21st day of January, 2009.

_____
JOHN JANUBAS, Grantor

STATE OF ALABAMA )
CULLMAN COUNTY )

I, the undersigned authority, a Notary Public in and for said County and State, hereby certify that JOHN JANUBAS, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of contents of the conveyance, duly executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 26 day of January, 2009.

_____
NOTARY PUBLIC
My Commission expires: 7-7-09

Deed Prepared By:
Sam Baker
Attorney At Law
109 Fifth Street Southeast
Cullman, AL 35055
(256) 737-7181

Send Taxes To:
John Janubas & Brenda Turk
1201 County Road 1408
Cullman, Alabama 35058

# Exhibit B

**Power of Attorney**

ELECTRONICALLY FILED
3/4/2019 10:00 AM
25-CV-2018-900265.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK




## DURABLE POWER OF ATTORNEY

STATE OF ALABAMA

CULLMAN COUNTY

KNOW ALL MEN BY THESE PRESENTS: that JOHN JANUSAS, an adult resident of Cullman County, Alabama, hereby make, constitute, and appoint BRENDA TURK as my true and lawful Attorney-in-Fact for me and in my name and stead, to receive and receipt for all funds and property that may be due me from any sources whatsoever, to sign, draw, endorse and cash checks and other negotiable instruments in my name and on my behalf, to sell and convey real and personal property for me and in my name and stead, at such price and upon such terms and conditions as BRENDA TURK may determine to be in my best interest; to make disbursements and to purchase real and personal property for me and on my behalf for such price as to BRENDA TURK seems reasonable and generally to manage, handle and conduct all matters of my business and to execute in my name and deliver all legal papers and documents for me in my place and stead to the same extent that I might do were I present in person, hereby giving and granting to my said Attorney-in-Fact full power and authority to do any and all acts necessary and proper to be done in and about the premises, and hereby ratifying and confirming whatsoever my said Attorney-in-Fact may lawfully do in the premises.

I FURTHER GRANT to BRENDA TURK full power to make decisions for me regarding my health care. In exercising his/her authority, my Attorney-in-Fact shall attempt to communicate with me regarding my wishes if I am able to so communicate. If my Attorney-in-fact cannot determine the choice I want made, then he/she shall make the choice for me based upon what he/she believes to be in my best interests. I intend the power given to be as broad as possible.

Accordingly, my Attorney-in-Fact is hereby designated to be my Personal Representative as that term is used in 46 C.F.R. § 164 ("HIPPA") and is authorized to have access to my personally identifiable health care and related information of all kinds and in any form, and to execute any other document that may be required to or requested in

The rights, powers and authority of my Attorney-in-Fact shall commence and be in full force from this date until my death unless specifically revoked by me and shall not be affected by disability, incompetency or incapacity of JOHN JANUSAS.
I understand the contents of this instrument, consisting of this and 2 previous pages and sign my name voluntarily.

DONE this the 14 day of August, 2008.

_____
JOHN JANUSAS

STATE OF ALABAMA

CULLMAN COUNTY

I, the undersigned Notary Public in and for said State and County, hereby certify that JOHN JANUSAS, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of this Durable Power of Attorney, that said JOHN JANUSAS did execute the same knowingly and voluntarily.

Given under my hand and seal this the 14th day of August, 2008.

_____
NOTARY PUBLIC
My Commission expires 2-23-11

STATE OF ALABAMA, CULLMAN COUNTY
I, Tammy [illegible] Judge of Probate in and for said County and State, hereby certify that the within and foregoing is a true and correct copy as the same appears of record in this office.
Witness my hand and official seal this 3rd day of November, 2016.

_____
Judge of Probate

# Exhibit C

**Quit Claim Deed**



10-05-21-0-004-017.010

STATE OF ALABAMA )
) NO TITLE SEARCH OR OPINION
) REQUESTED AND NONE PERFORMED
CULLMAN COUNTY ) SOURCE OF TITLE: Deed
Book: 546    Pages: 498

**PLAINTIFF'S EXHIBIT 4**

### QUITCLAIM DEED

KNOW ALL MEN BY THESE PRESENTS, that for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, I, JOHN JANUSAS (hereinafter referred to as "Grantor"), do hereby release, quitclaim, grant, sell and convey to BRENDA TURK (hereinafter referred to as "Grantee"), all right, title interest and claim in or to the following described real estate, situated in Cullman County, Alabama, to wit:

A part of the NE ¼ of the SE ¼ and the NW ¼ of the SE ¼ of Section 21, Township 9 South, Range 2 West, more particularly described as follows: Commencing at the intersection of the north forty line of the NE ¼ of the SE ¼ of Section 21, Township 9 South, Range 2 West with the West right-of-way of a county road; thence West 560 feet to the point of beginning; thence West along said forty line 300 feet; thence S 14° 30' E 737 feet to the North right-of-way of a county road; thence N 65° E along said road 167 feet; thence N 3° W 644 feet to the point of the beginning. Said tract containing 3.6 acres, more or less, in Cullman County, Alabama. Said property is subject to the restriction that no commercial chicken houses are ever to be built on the subject property as set forth as instrument recorded in Deed Book 420, Page 28 in the Probate Office of Cullman County, Alabama.

TO HAVE AND TO HOLD, to the said Grantee, BRENDA TURK, and her heirs and assigns forever.

GIVEN under my hand and seal this 16th day of November, 2016.

_____
JOHN JANUSAS/Grantor by POA BRENDA TURK

STATE OF ALABAMA )
CULLMAN COUNTY )

I, the undersigned authority, a Notary Public in and for said County and State, hereby certify that JOHN JANUSAS, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of contents of the conveyance, she executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 16th day of November, 2016.

_____
NOTARY PUBLIC
My Commission expires: 9/24/18

This Instrument Prepared by:
Stuart Moore
100 1st Avenue NE Suite 130
Cullman, Alabama 35055
(256) 739-0148

Please Send Taxes To:
BRENDA TURK
1201 COUNTY ROAD 1502
CULLMAN, ALABAMA 35055

220217